FILED
IN CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS - 5 P 4: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

06 CA 10033 PBS

| | | |
|---|---|---|
| NETSCOUT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| FORESCOUT TECHNOLOGIES, INC., MAGISTRATE JUDGE Bowler | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY TRIAL REQUESTED** |

RECEIPT # _____
AMOUNT $ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Tom
DATE 1-6-06

## COMPLAINT

Plaintiff NetScout Systems, Inc. ("NetScout"), for its Complaint against ForeScout
Technologies, Inc. ("ForeScout") alleges as follows:

### NATURE OF THE ACTION

1.      In this action, Plaintiff seeks injunctive relief and damages for acts of trademark
infringement, dilution, and unfair competition committed by Defendant in selling goods and
services under the trademarks FORESCOUT and ACTIVESCOUT, which are confusingly
similar to Plaintiff's NETSCOUT® trademark. Defendant's acts violate the laws of the United
States, as well as the statutory and common laws of various states, including the Commonwealth
of Massachusetts. In particular, this action arises under the federal Lanham Act, 15 U.S.C. §
1051 et seq., the statutory trademark, dilution, and unfair competition laws of Massachusetts,
Mass. Gen. Laws ch. 110B, §§ 11 and 12, and ch. 93A, § 11, and the common law of
Massachusetts.

## JURISDICTION AND VENUE

2.      This is an action under the Lanham Act, 15 U.S.C. § 1051 et seq. ("Lanham Act"),

particularly 15 U.S.C. §§ 1114, 1119, and 1125, for trademark infringement, false designation of

origin, false description or representation, and related unfair competition. Plaintiff also asserts

claims for trademark infringement and unfair competition under the statutory and common law

of states, including Massachusetts, Mass. Gen. Laws. ch. 110B, §§ 11 and 12 (2002), and for

unfair methods of competition and unfair or deceptive acts or practices in the conduct of any

trade or commerce under state law, including Mass. Gen. L. ch. 93A, § 11 (2002).

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

1338(a), and 1338(b). This Court also has jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28

U.S.C. § 1367(a).

4.      Defendant is subject to suit in Massachusetts because, among other reasons, it has

or had a reasonable expectation that goods sold or transported under the FORESCOUT and

ACTIVESCOUT trademarks are used or are to be used, are sold, or are to be sold in

Massachusetts, its tortious conduct has taken place and continues to take place in Massachusetts,

and/or it regularly solicits business in Massachusetts and its acts are causing tortious injury in

Massachusetts.

5.      Venue is proper under 28 U.S.C. §§ 1391(b), and (c) in that, upon information

and belief, Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts

and/or the wrongful acts committed by Defendant occurred in and are causing injury in the

Commonwealth of Massachusetts.

## **THE PARTIES**

6.    Plaintiff is a Delaware corporation with its headquarters at 310 Littleton Road, Westford, Massachusetts 01886.

7.    Upon information and belief, Defendant is a Delaware corporation with a principal place of business of 10001 N. De Anza Blvd. Suite 220, Cupertino, CA 95014.

## **PLAINTIFF AND PLAINTIFF'S TRADEMARKS**

8.    Founded in 1984, NetScout is one of the world's premier providers of integrated computer network performance management solutions. NetScout currently serves more than 3500 organizations in locations across North America, Europe, and Asia.

9.    Since shipping its first product in 1992 – a standards-based Ethernet probe – NetScout has led the market with a continual stream of industry firsts that have evolved into industry standards, including the market's most comprehensive computer network performance management solution. The key features of NetScout's integrated software and hardware solution include computer network monitoring, capacity planning, troubleshooting, fault prevention, and service-level management, all of which maximize the integrity, reliability, availability, performance and efficiency of applications and content delivered over computer networks, supporting the mission critical operations of NetScout's customers.

10.    NetScout markets and distributes its products through its own direct sales force and through channel partners that include original equipment manufacturers, distributors, resellers, service providers, and systems integrators. Customers represent a wide range of industries, including financial services, technology, healthcare, retail, manufacturing, and service providers, as well as many large agencies of the federal government.

-3-

11.    NetScout advertises and sells its products throughout the United States, including in Massachusetts, and throughout the world by means of promotional materials, catalogs, magazines, and similar types of printed literature, as well as over the Internet through its own web site at <www.netscout.com>.

12.    At least as early as 1991, and prior to the acts of Defendant complained of herein, Plaintiff adopted and began to use in commerce the inherently distinctive designation and trademark "NETSCOUT" (the "NETSCOUT® Trademark") for and in connection with computer network monitoring software, and related goods and services. Such use has been continuous since that time.

13.    Plaintiff has registered the NETSCOUT® Trademark in the United States Patent and Trademark Office (PTO), as well as in Canada, the European Community, and Japan. In the United States, Plaintiff owns the following registrations related to the NETSCOUT® Trademark:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| NETSCOUT | 1,764,154 | April 13, 1993 |
| NETSCOUT and Design | 2,287,610 | October 19, 1999 |

14.    True and correct copies of the Certificates of Registration for Plaintiff's Reg. Nos. 1,764,154 and 2,287,610 are attached hereto as composite Exhibit A.

15.    Plaintiff's Reg. No. 1,764,154 has become incontestable, pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and, accordingly, constitutes conclusive evidence of the validity of the registered mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the NETSCOUT® Trademark in commerce in connection with the goods specified in the Certificate of Registration. A true and correct copy of the Notice of Acceptance of Section 8

-4-

Affidavit and Notice of Acknowledgement of Section 15 Affidavit for Plaintiff's Reg. No. 1,764,154 is attached hereto as Exhibit B.

16.     Plaintiff's Reg. No. 2,287,610 has become incontestable, pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and, accordingly, constitutes conclusive evidence of the validity of the registered mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the NETSCOUT and Design® Trademark in commerce in connection with the goods specified in the Certificate of Registration. A true and correct copy of the Notice of Acceptance of Section 8 Affidavit and Notice of Acknowledgement of Section 15 Affidavit for Plaintiff's Reg. No. 2,287,610 is attached hereto as Exhibit C.

17.     Plaintiff has registered its NETSCOUT trademark in the Commonwealth of Massachusetts and has been issued a Certificate of Registration therefor, Massachusetts Reg. No. 65017. A true and correct copy of the Certificate of Registration for Plaintiff's Massachusetts Reg. No. 65017 is attached hereto as Exhibit D.

18.     Since prior to the acts of Defendant complained of herein, Plaintiff has achieved wide-spread and substantial sales of its products designated by the NETSCOUT® Trademark throughout the United States, including Massachusetts, and worldwide.

19.     The NETSCOUT® Trademark is and has been so commonly used by Plaintiff and others to identify Plaintiff's products that said products are now and, since prior to the acts of Defendant complained of herein, have been generally known among the trade and the public by the NETSCOUT® Trademark.

20.     The NETSCOUT® Trademark appears on Plaintiff's computer software and hardware, packaging, user manuals, web site, and other promotional and advertising materials.

-5-

## DEFENDANTS ACTIVITIES

21.    Subsequent to Plaintiff's adoption and use of the NETSCOUT® Trademark in commerce, Defendant filed applications to register the designations FORESCOUT and ACTIVESCOUT both for "computer software designed to provide computer network perimeter security; computer hardware," with the PTO. The applications have been assigned Serial Nos. 78/126,971 and 78/126,968, respectively (the "ForeScout Applications").

22.    Subsequent to Plaintiff's adoption and use of the NETSCOUT® Trademark in commerce, Defendant commenced the manufacture, distribution, and/or sale in commerce of software and/or the rendering of services under the FORESCOUT and ACTIVESCOUT trademarks (the "Accused Trademarks") or bearing the Accused Trademarks. Copies of pages from Defendant's web site located at <www.forescout.com>, which display products and services offered under the Accused Trademarks, are attached hereto as composite Exhibit E.

23.    Subsequent to Plaintiff's adoption and use of the NETSCOUT® Trademark in commerce, Defendant began promoting and offering for sale products and services bearing the Accused Trademarks via a web site at <www.forescout.com> (the "Domain Name"). See copy of domain name registration information, attached hereto as Exhibit F. This interactive web site is continuously available in Massachusetts, and visitors to the web site were able to, among other things order and/or view a live demonstration of the products bearing the Accused Trademarks.

24.    Upon information and belief, Defendant has distributed, sold, or offered for sale products and services bearing or associated with the Accused Trademarks in the Commonwealth of Massachusetts and in other states.

25.    Upon information and belief, Defendant has promoted products and services bearing or associated with the Accused Trademarks, among other things, through sponsorship

-6-

and/or participation in industry events in the Commonwealth of Massachusetts and in other states.

26.    The Accused Trademarks are confusingly similar to Plaintiff's NETSCOUT® Trademark.

27.    The goods provided by Defendant under the Accused Trademarks – computer software designed to provide computer network perimeter security; computer hardware – are highly similar or highly related to the goods provided by Plaintiff under its NETSCOUT® Trademark. In fact, Defendant's products perform network performance management functions such as "monitoring traffic entering and exiting...the network," and "reporting and displaying information about attack attempts..." See Exhibit E.

28.    Upon information and belief, Defendant is well aware and, since long prior to the acts of Defendant complained of herein, has been well aware of the goodwill represented and symbolized by the NETSCOUT® Trademark. Upon information and belief, Defendant has been well aware that the NETSCOUT® Trademark is recognized widely and relied upon by the public and the trade as identifying NetScout and its products and as distinguishing said products from the products of others.

29.    Notwithstanding that knowledge, and indeed by reason of such knowledge, Defendant engaged in a deliberate and willful scheme to trade upon and to misappropriate for itself the goodwill represented and symbolized by the NETSCOUT® Trademark, by applying to register, adopting, or using in commerce the Accused Trademarks.

30.    Defendant's use in commerce of the Accused Trademarks is designed, and is calculated, and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the source, origin, or sponsorship of Defendant's products, and to

cause consumers mistakenly to believe that Defendant's products are the products of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

31.    Defendant's use of the Accused Trademark is without the license, authorization, or consent of Plaintiff.

32.    Plaintiff has objected to the use and/or registration of the Accused Trademarks by Defendant. Plaintiff has filed a consolidated opposition proceeding with the Trademark Trial and Appeal Board (TTAB) of the PTO against the ForeScout Applications, which is suspended.

33.    Defendant has refused to comply with Plaintiff's demands to cease and desist use of the Accused Trademarks or to abandon the ForeScout Applications.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

34.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 33 as if fully set forth herein.

35.    With full knowledge and awareness of Plaintiff's ownership and prior use of the NETSCOUT® Trademark and for their own benefit, Defendant intentionally has used in commerce, and upon information and belief, will continue to use the Accused Trademarks, which use is likely to cause confusion, or to cause mistake, or to deceive.

36.    Defendant's aforesaid acts constitute infringement of Plaintiff's federally-registered and incontestable trademarks, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

37.    Defendant's aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

-8-

38.     Plaintiff has no adequate remedy at law.

39.     Defendant's aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

40.     Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in an amount to be determined.

## COUNT II – FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT

41.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 40 as if fully set forth herein.

42.     Defendant intentionally has used and, upon information and belief, will continue to use in commerce the Accused Trademarks, which use constitutes a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or approval of Defendant's products by Plaintiff.

43.     Defendant's aforesaid acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     Defendant's aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

45.     Plaintiff has no adequate remedy at law.

46.     Defendant's aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

47.     Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in an amount to be determined.

### COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

48.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 47 as if fully set forth herein.

49.     Defendant's acts in promoting and selling products and services that are of substantially the same character as NETSCOUT® products in connection with a trademark that is confusingly similar to Plaintiff's NETSCOUT® Trademark constitutes common law trademark infringement, palming or passing off of Defendant's goods and services as those of Plaintiff, and unprivileged imitation, all of which create in the mind of the public the impression that Plaintiff is responsible for the quality and performance of Defendant's goods and services or is otherwise connected to or associated with Defendant.

50.     Defendant's use of a trademark confusingly similar to Plaintiff's NETSCOUT® Trademark constitutes a use of Plaintiff's trademark on and in connection with goods or services that Plaintiff cannot control. Such acts will materially damage the reputation of Plaintiff and that of its goods and services and damage the goodwill in Plaintiff's trademark that has been created by Plaintiff's substantial expenditure of money.

51.     Defendant's aforesaid acts constitute trademark infringement and unfair competition, all in violation of Plaintiff's rights under the common law of the Commonwealth of Massachusetts and other states.

-10-

52.     Defendant's aforesaid acts have caused and will cause irreparable injury to

Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff

will continue to suffer irreparable injury.

53.     Plaintiff has no adequate remedy at law.

54.     Defendant's aforesaid acts have harmed Plaintiff's reputation and have caused

damage to Plaintiff in an amount to be determined.

55.     Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in

an amount to be determined.

### COUNT IV – STATE TRADEMARK INFRINGEMENT: MASSACHUSETTS

56.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1

through 55 as if fully set forth herein.

57.     Plaintiff is the owner of the Massachusetts Registration for NETSCOUT for

computer software and hardware. See Exhibit D. The Certificate of Registration shown in

Exhibit D serves as competent and sufficient proof of the registration of Plaintiff's NETSCOUT

trademark in Massachusetts.

58.     Upon information and belief, Defendant has used and will continue to use the

Accused Trademarks in Massachusetts, which use is likely to cause confusion or to cause

mistake or to deceive as to the source or origin of Defendant's goods or services, all in violation

of Plaintiff's rights under Massachusetts law. Such use by Defendant is without Plaintiff's

consent.

59.     Defendant's aforesaid acts constitute infringement of Plaintiff's registered

trademark, in violation of Mass. Gen. Laws ch. 110B, § 11 (2002).

-11-

60.     Defendant's aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

61.     Plaintiff has no adequate remedy at law.

62.     Defendant's aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

63.     Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in an amount to be determined.

### COUNT V – STATE TRADEMARK DILUTION: MASSACHUSETTS

64.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 63 as if fully set forth herein.

65.     The NETSCOUT® Trademark is distinctive and, through long and extensive use, advertising, marketing, and public awareness, possesses a high degree of distinctiveness, including in Massachusetts.

66.     Upon information and belief, Defendant has used and will continue to use the Accused Trademarks in Massachusetts, which use has injured and will continue to injure Plaintiff's business reputation and/or has diluted and will continue to dilute the distinctive quality of Plaintiff's NETSCOUT® Trademark.

67.     Defendant's aforesaid acts are likely to injure the business reputation of Plaintiff or likely to dilute the distinctive quality of Plaintiff's NETSCOUT® Trademark, in violation of Mass. Gen. Laws ch. 110B, § 12 (2002).

68.     Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

### COUNT VI – UNFAIR TRADE PRACTICES: MASSACHUSETTS

69.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 68 as if fully set forth herein.

70.     Defendant's acts and practices described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawful by Mass. Gen. Laws ch. 93A, § 11 (2002), and were committed by Defendant primarily and substantially in the Commonwealth of Massachusetts and in knowing and willful violation thereof.

71.     Defendant's aforesaid acts have harmed Plaintiff's business reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have unjustly enriched Defendant.

72.     Defendant's aforesaid acts have injured and will continue to injure Plaintiff's business reputation and have diluted and will continue to dilute the distinctive quality of Plaintiff's Trademarks.

73.     Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

74.     Plaintiff has no adequate remedy at law.



WHEREFORE, Plaintiff prays:

A.      That this Court adjudge that the NETSCOUT® Trademark has been infringed and diluted as a direct and proximate result of the acts of Defendant as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1051 et seq., and the statutory and common laws of Commonwealth of Massachusetts and other states.

B.      That this Court adjudge that Defendant have competed unfairly with Plaintiff as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, the General Laws of Massachusetts, and the common laws of the Commonwealth of Massachusetts, and other states.

C.      That this Court deny the registration of the ForeScout Applications by the United States Patent and Trademark Office.

D.      That Defendant, and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

      1)      From using the Accused Trademarks, or any designation or trademark similar thereto, in any way, including in the Domain Name or any other domain name or web address, in connection with computer software or hardware, or any other related goods or services; and

      2)      From doing any other act or thing likely to cause the public or the trade mistakenly to believe that there is any connection between Defendant and Plaintiff, or their respective products and/or services; and

      3)      From otherwise infringing or diluting any trademark owned by Plaintiff or engaging in unfair competition against Plaintiff.

-14-

E.      That Defendant be required to deliver up for destruction all products, packaging, signs, prints, promotional materials, advertisements, and other written or printed materials that bear the Accused Trademarks, or any trademarks similar thereto.

F.      That Plaintiff recover Defendant's profits and the damages of Plaintiff arising from Defendant's acts of trademark infringement, dilution, false designation of origin, false description or representation, and unfair competition.

G.      That this Court treble such amounts awarded as allowed by § 35 of the Lanham Act, 35 U.S.C. § 1117, and multiple and/or punitive damages as allowed by federal and other state law.

H.      That this Court award Plaintiff multiple damages as allowed by Mass. Gen. Laws ch. 93A, and other federal and state law.

I.      That Plaintiff recover both pre-judgment and post-judgment interest on each and every award.

J.      That Plaintiff recover its reasonable attorneys' fees incurred in this action, as provided for under federal and state law.

K.      That Plaintiff has and recover its taxable costs and disbursements incurred in this action.

L.      That Plaintiff has other and such further relief as the Court may deem just and proper.

-15-

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Date: January 5, 2006

NETSCOUT SYSTEMS, INC.
By its attorneys,

David J. Byer (BBO# 544411)
Deborah J. Peckham (BBO# 564865)
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA 02109-1808
Telephone: (617) 261-3100
Facsimile: (617) 261-3175

BOS-927716-1

-16-